**TILDEN *vs*. KENDRICK.**

EASTERN DIST.
*March*, 1832.

TILDEN
*vs.*
KENDRICK.

A surviving partner is excluded from the curatorship of his deceased partner.

The law, requiring opposition to be made within ten days to the appointment of curators, is limited to cases, wherein regular notice has been given of the application.

Persons living out of the parish where the succession is opened, but having a domicil in the state, are competent to be appointed curators.

The facts are stated in the opinion of the court, delivered by *Porter, J.*

A contest arose in the Court of Probates, in relation to the curatorship of this succession. It was first claimed by William Kendrick. Opposition was made to his appointment by Tilden, the present appellant. While that opposition was pending, one Frederick C. Kendrick opposed the nomination of Tilden. The court, after hearing the parties, decided in favor of the last applicant. From that judgment this appeal was taken.

The claim of William Kendrick may be dismissed, with the observation that he was a surviving partner of a commercial firm, of which the deceased was a member, and as such is expressly excluded by law. *Louisiana Code*, 1115.

A surviving partner is excluded from the curatorship of his deceased partner.

The case has, therefore, to be examined as between Tilden and F. C. Kendrick.

Objections have been made against listening to the opposition of the latter, it not being made within ten days as the law requires. We think with the counsel for the appellee, that this limitation can only apply to cases, where due and regular notice has been given of the application to be appointed, by the opposite party, and such was not the case here.

The law, requiring opposition to be made within ten days to the appointment of curators, is limited to cases wherein regular notice has been given of the application.

Tilden was a creditor, and made the first application. He should, therefore, be preferred to any other applicant having equal pretensions. *Louisiana Code*, 1117.

But the party opposing him asserts, he has higher pretensions, because he resides in the parish where the succession is opened, and Tilden's domicil is in the adjoining parish.

By an act of the General Assembly of the state, approved the twenty-second of March, 1822, persons living out of the parish where the succession is opened, but having their domicil in the state, are expressly declared competent to be appointed curators to such succession. See *acts of* 1822, *page* 66.

Notwithstanding the legal right thus clearly conferred, it is certainly in some respects more convenient, the curator should live in the parish where the succession is opened, and *cæteris paribus,* we are not prepared to say, the judge might not prefer him. But in the present instance, the applicant is the son of the surviving partner of a commercial firm, whom the law excludes; and accounts, due to that firm by the deceased, have been transferred to him by the father, to enable him to sustain his application. In these accounts, the presumed existence of which, in every case, is one reason why the law excludes the partner, his son and forced heir, has become interested, and makes them in part the foundation of his claim to an office, from which the assignor is excluded. We think this circumstance counterbalances at least, the superiority he derived from his residence, and the parties standing before us equal, Tilden, as the first applicant, is entitled to the appointment.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that the appellant, Stephen Tilden, be appointed curator of the vacant estate of Daniel Armsly, deceased, and that Frederick C. Kendrick, the appellee, pay the costs of this appeal, and the costs created by his opposition in the courts of the first instance.